UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS R. MCCAULEY,<br><br>    Defendant. | Case No. 23-cv-05819-JST<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 2 |

       Before the Court is Plaintiff Peyman Roshan's ex parte motion for a temporary restraining order and an order to show cause why a preliminary injunction should not issue. ECF No. 2. Roshan seeks to enjoin Defendant Douglas McCauley, the Commissioner of the California Department of Real Estate, from continuing any proceedings to suspend or revoke Roshan's real estate license based upon the California Supreme Court's order suspending Roshan's license to practice law. *Id*. The Court will deny both motions.

       Civil Local Rule 65-1(b) provides, "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Civ. L.R. 65-1(b). Rule 65 of the Federal Rules of Civil Procedure states that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Roshan offers no evidence that he provided Defendant notice of his motion for a temporary

restraining order, as required by Civil Local Rule 65-1(b).  Nor has he certified "in writing any efforts made to give notice and the reasons why it should not be required" in this case, as required by Rule 65 of the Federal Rules of Civil Procedure.

While the Court has the power to issue an ex parte temporary restraining order, the movant must show "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (quoting Fed. R. Civ. P. 65(b)(1)).  Roshan's attempts to establish irreparable harm are either too speculative or not imminent.  For example, he avers that his efforts to obtain evidence of the findings of the California Supreme have been denied, and that his administrative hearing before the Department of Real Estate is set to be heard on December 4, 2023.  ECF No. 2 at 18.  Roshan, however, fails to demonstrate that any such evidence actually exists, and he has not "clearly show[n]" that the loss of his license is certainly impending before the adverse party can be heard in opposition.  Fed. R. Civ. P. 65(b)(1).

For the foregoing reasons, Plaintiff's motion for a temporary restraining order and an order to show cause why a preliminary injunction should not issue are hereby denied.

**IT IS SO ORDERED.**

Dated:  November 15, 2023



JON S. TIGAR
United States District Judge