UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>  Plaintiff,<br><br>  v.<br><br>DOUGLAS R. MCCAULEY,<br><br>  Defendant. | Case No. 23-cv-05819-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 9 |

On November 17, 2023, this Court denied Plaintiff Peyman Roshan's motion for a temporary restraining order and order to show cause for preliminary injunction. ECF No. 7. Now before the Court is Roshan's motion for leave to file a motion for reconsideration. ECF No. 9.

In this Court, a motion for leave to file a motion for reconsideration must comply with Civil Local Rule 7-9. Thus, the moving party must specifically show reasonable diligence in bringing the motion and one of the following:

> 1. That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> 2. The emergence of new material facts or a change of law occurring after the time of such order; or
>
> 3. A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Motions for reconsideration may not "be used to ask the Court to rethink what it has already thought." *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

The Court denied Roshan's TRO partly on the ground that he "offer[ed] no evidence that he provided Defendant notice of his motion for a temporary restraining order, as required by Civil Local Rule 65-1(b)." ECF No. 7 at 1–2. In his motion for reconsideration, Roshan alleges that "[n]otice of the [TRO] was given to defendant [,]" but the Court was "not informed of such notice." ECF No. 7 at 5. He contends that, under Civil Local Rule 7-9(b)(1), the Court "should [] grant Roshan leave to file a motion for reconsideration based on these new facts." *Id.*

While it now appears that Roshan gave notice to Defendant, the Court will deny the motion for reconsideration anyway. That motion does not address the other reason for denial of Roshan's TRO application: his failure to show that "that immediate and irreparable injury, loss, or damage [would] result to [him] before the adverse party [could] be heard in opposition." ECF No. 7 at 2 (quoting *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016)).

Accordingly, Roshan's motion for leave the file a motion for reconsideration is hereby denied.

**IT IS SO ORDERED.**

Dated: November 20, 2023



JON S. TIGAR
United States District Judge