UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS R. MCCAULEY,<br><br>    Defendant. | Case No. 23-cv-05819-JST<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF Nos. 17, 28 |

Before the Court is Plaintiff Peyman Roshan's motion for preliminary injunction, ECF No. 17, and Defendant Commissioner Douglas R. McCauley's motion to dismiss, ECF No. 28. For the reasons stated below, the Court will deny Roshan's motion for preliminary injunction, and grant Commissioner McCauley's motion to dismiss.[1]

## I.    BACKGROUND

For the purpose of resolving the present motions, the Court accepts as true the following factual allegations from the complaint, ECF No. 1.

Roshan alleges that he "has obtained a license from the California Department of Real Estate ("DRE")," and "is an attorney admitted to practice in California." *Id.* ¶ 2. He brings this action against Douglas R. McCauley, the Commissioner of the DRE, as well as Does 1–10, whose "capacities and role in violating the rights of Plaintiff are unknown at this time." *Id.* ¶¶ 3–4.

On December 20, 2022, the DRE filed an accusation against Roshan, which is to be decided by an Administrative Law Judge in the Office of Administrative Hearings ("OAH"). *Id.* ¶¶ 6, 20, 53. Pursuant to California Business and Professions Code Section 10177, the accusation

---

[1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the February 15, 2024 motion hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

seeks to suspend or revoke Roshan's real estate license based upon the California Supreme Court's 2021 order suspending Roshan's license to practice law. *Id.* ¶¶ 5, 8. The accusation references the Supreme Court's order suspending Roshan's license to practice law. It does not, however, specifically identify which violation(s) Roshan was found to have committed by the State Bar Review Department. Roshan therefore contends that there is no "express finding of a violation of law" on which the DRE may discipline him. *Id.* ¶¶ 7, 12, 14.

Roshan's complaint further alleges that he served various subpoenas and requests for production of documents on the California State Bar, the DRE, the California State Bar Custodian of Records, and the California Supreme Court Custodian of Records. *Id.* ¶¶ 19–23. Because all of Roshan's requests were denied, he alleges that he "has no procedural avenue in the DRE disciplinary proceedings to obtain evidence supporting [his] defenses." *Id.* ¶ 24. The remaining allegations in Roshan's complaint generally challenge the constitutionality of State Bar proceedings, as well as the California Supreme Court's suspension order. *See generally id.* ¶¶ 26–47. Roshan's complaint seeks injunctive relief and relief under *Ex Parte Young* enjoining any disciplinary action by the DRE, as well as declaratory judgment that the DRE "does not have jurisdiction over attorney disciplinary matters," and that the attorney disciplinary proceedings initiated against him did not meet "minimum due process requirements." *Id.* at 25–28.

On November 11, 2023, Roshan filed a motion for a temporary restraining order and order to show cause for preliminary injunction that sought to enjoin Commissioner McCauley "from continuing any [DRE] proceedings based upon the California Supreme Court's order suspending Roshan's license to practice law." ECF No. 2 at 2. In denying Roshan's motion for a TRO and his order to show cause, the Court reasoned that Roshan "ha[d] not 'clearly show[n]' that the loss of his license [was] certainly impending before the adverse party [could] be heard in opposition." ECF No. 7 at 2 (quoting Fed. R. Civ. P. 65(b)(1)). The Court subsequently denied Roshan's motion for reconsideration on November 20, 2023. ECF Nos. 9, 12.

On December 7, 2023, Roshan filed a motion for preliminary injunction. ECF No. 17. He again asks the Court to issue a preliminary injunction "restraining and enjoining [Commissioner McCauley] . . . from continuing any [DRE] proceedings based upon the California Supreme

2

Court's order suspending Roshan's license to practice law." ECF No. 17 at 2. Six days later, on December 13, 2023, Commissioner McCauley filed a motion to dismiss Roshan's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). ECF No. 28. Because the two motions contain overlapping arguments, the Court will resolve them together.

## II.   JURISDICTION

Roshan alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

### A.   Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

### B.   Motion to Dismiss

#### 1.   Fed. R. Civ. P. 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. *See* Fed R. Civ. P. 12(b)(1). Subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case, and it must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

3

A motion to dismiss on *Younger* abstention grounds may be brought under Rule 12(b)(1). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998) (treating *Younger* abstention as jurisdictional); *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (holding that "a *Younger* dismissal should be treated like a Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction").

### 2. Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. JUDICIAL NOTICE

Before turning to the merits, the Court addresses Commissioner McCauley's request for judicial notice. ECF No. 28-1. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice provides an exception to this rule. *Id*. Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." If a fact is not subject to reasonable dispute, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Commissioner McCauley requests judicial notice of (1) the complaint in *Roshan v.*

*Lawrence*, Case No. 3:20-cv-04770-AGT (*Lawrence I*) (ECF No. 1); (2) the January 18, 2021 order in *Lawrence I* (ECF No. 34); the complaint in *Roshan v. Lawrence*, Case No. 4:21-cv-01235-JST (*Lawrence II*) (ECF No. 1); the May 23, 2023 order dismissing Roshan's third amended complaint in *Lawrence II* (ECF No. 139); the September 26, 2023 order extending time to file a fourth amended complaint in *Lawrence II* (ECF No. 160); and the November 17, 2023 order relating cases in the present action, *Roshan v. McCauley*, Case No. 4:23-cv-5819-JST (ECF No. 8). ECF No. 24-1 at 1–2.

While the Court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Sec. Lit.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). Accordingly, "[t]he judicially noticed fact in each instance is limited to the existence of the document, not the truth of the matters asserted in the documents." *Salas v. Gomez*, No. 14-CV-01676-JST, 2016 WL 3971206, at *5 (N.D. Cal. July 25, 2016).

## V.   DISCUSSION

### A.   *Younger* Abstention

The central argument contested by the parties in both the motion for preliminary injunction and the motion to dismiss is whether this Court has subject matter jurisdiction to enjoin the ongoing state proceeding, or whether the Court must abstain from hearing Roshan's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Having reviewed all arguments presented in each motion, the Court determines that *Younger* applies to the present action, and abstention in favor of the state proceedings is required.

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). "In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *Younger*, 401 U.S. at 43–57). In a case known as *Middlesex County*, the Supreme Court expanded this abstention doctrine

to apply to civil proceedings. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To assist courts in applying *Younger* to civil cases post-*Middlesex*, the Supreme Court issued guidance once again in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). *Sprint* squarely held that *Younger* abstention is limited to "three exceptional categories" of cases, including: (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72–73. "In civil cases, therefore, *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc.*, 754 F.3d at 759. "If these 'threshold elements' are met, [courts] then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.* With these principles in mind, the Court turns to the current dispute.

### 1. Ongoing State Proceedings

First, "*Younger* abstention requires that federal courts abstain when state court proceedings [are] ongoing at the time the federal action was filed." *Beltran v. State of Cal*., 871 F.2d 777, 782 (9th Cir. 1988). Here, the DRE proceeding was "ongoing" for *Younger* purposes at the time Roshan's complaint was filed. As Commissioner McCauley points out, Roshan "concedes in his complaint and his declaration supporting this motion that the DRE proceeding was pending at the time he filed this lawsuit on November 11, 2023[.]" ECF No. 30 at 11; *see* ECF No. 1 ¶¶ 21–22. Accordingly, this element is satisfied.

### 2. Quasi-Criminal Action

Second, the Court must determine whether the present action is a "quasi-criminal enforcement action[] or involve[s] a state's interest in enforcing the orders and judgments of its courts[.]" *ReadyLink Healthcare, Inc*., 754 F.3d at 759. In assessing whether an enforcement proceeding is quasi-criminal, courts evaluate whether the proceeding at issue shares three specific features of criminal prosecutions: (1) the action was initiated by the State in its sovereign capacity;

6

(2) the action involves sanctions against the federal plaintiff—*i.e.*, "the party challenging the state action"—for some wrongful act; and (3) the action commonly involves an investigation, often culminating in formal charges. *Sprint*, 561 U.S. at 79–80.

The administrative proceeding against Roshan is sufficiently "quasi-criminal" for *Younger* abstention to apply. First, the action was initiated by the DRE, a state agency tasked with conducting enforcement proceedings to suspend or revoke real-estate sales licenses in California. *See* Cal. Bus. & Prof. Code § 10100; *see also Middlesex*, 457 U.S. at 433–35 (holding that *Younger* barred a federal court from hearing a lawyer's challenge to a New Jersey state ethics committee's pending investigation of the lawyer); *Zummo v. City of Chicago*, 345 F. Supp. 3d 995, 1004 (N.D. Ill. 2018), *aff'd*, 798 F. App'x 32 (7th Cir. 2020) (finding proceeding "quasi-criminal" where it began with a police officer issuing a citation). In addition, if the DRE prevails in the enforcement proceedings, the result will entail sanctions against Roshan for violation of state ethics and statutory rules governing the conduct of licensed attorneys that also apply to real-estate professionals. Finally, it appears that the DRE conducted some form of investigation into Roshan's actions, as the accusation against Roshan references the California Supreme Court's order suspending Roshan's license to practice law. *See* ECF No. 1 ¶ 7.

Roshan's primary argument in opposition is that the DRE proceeding is not a "judicial proceeding to which *Younger* applies." ECF No. 31 at 8. He avers that *Sprint* holds that "the initial state proceeding must be judicial in nature," and that this requirement must be "strictly met" for *Younger* to apply. *Id.* (internal quotations omitted). Roshan's reading of *Sprint* is incorrect. In concluding that *Younger* abstention did not apply in *Sprint*, the Supreme Court reasoned that the Iowa Utilities Board proceeding at issue did not constitute a "civil enforcement action" because it was (1) not initiated by the state; (2) no state authority conducted any investigation or filed a complaint; and (3) the proceeding was intended "to settle a civil dispute between two private parties, not to sanction Sprint for commission of a wrongful act." *Sprint*, 571 U.S. at 80–81. In other words, the *Sprint* court determined that abstention was inappropriate, but not because the underlying state proceeding was insufficiently judicial in nature. Indeed, the Supreme Court in *Sprint* provided explicit "guid[ance] [to] other federal courts . . . that *Younger* extends to the three

1  "exceptional circumstances" identified . . . but no further."[2] *Id.* at 82; *see Franklin v. City of*
2  *Kingsburg*, No. 1:18-CV-0824 AWI SKO, 2020 WL 2793061, at *4 (E.D. Cal. May 29, 2020)
3  ("*Younger* abstention can apply to administrative proceedings just as it can apply to judicial
4  proceedings.").
5        Accordingly, the Court finds that the DRE proceedings are quasi-criminal for *Younger*
6  purposes.

### 3. Important State Interests

Third, *Younger* abstention is appropriate where "important state interests are implicated so as to warrant federal-court abstention." *Middlesex*, 457 U.S. at 434. Whether a proceeding implicates important state interests "is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989)). As Commissioner McCauley rightfully notes, "[t]he Legislature intended to ensure that real estate brokers and salespersons will be honest, truthful and worthy of the fiduciary responsibilities which they will bear." ECF No. 30 at 12 (quoting *Harrington v. Dep't of Real Est.*, 214 Cal. App. 3d 394, 402 (Ct. App. 1989)). The State of California has a vested interest in ensuring the professional conduct of its real-estate licensees. Accordingly, the Court agrees with McCauley that "the standard requiring there to be an important state interest at issue is met." ECF No. 30 at 12.

### 4. Federal Constitutional Challenges

Next, the Court must determine whether Roshan had "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432. "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). "[T]he burden on this point rests on the federal plaintiff to show that state procedural law barred

---

[2] As mentioned above, *see supra* Section V-A., these "exceptional circumstances" include: (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 72–73.

8

presentation of [their] claims." *Id*. at 14 (internal quotations omitted).  While Roshan argues that he was unable to obtain various documents and conduct certain depositions in his administrative proceeding, ECF No. 17 at 29, he does not contend that he did not have an adequate opportunity to raise his constitutional challenges before the ALJ.  It is well-established that judicial review of an administrative proceeding "may be had by filing a petition for a writ of mandate."  Cal. Gov. Code. § 11523.  And further, the Ninth Circuit has made clear that "even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings . . . his ability to raise the claims via state judicial review of the administrative proceedings suffices."  *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992); *see also Ohio Civil Rights Comm'n v. Dayton Christian Sch. Inc.*, 477 U.S. 619, 629 (1986).  Accordingly, this element is also satisfied.

### 5. Practical Effect of Enjoining the State Proceedings

Having established that the four "threshold" *Younger* elements are met, the Court must determine whether the requested relief in the instant action would "enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc.*, 754 F.3d at 758. Here, Roshan's motion for preliminary injunction seeks an order "restraining and enjoining [Commissioner McCauley] . . . from continuing any [DRE] proceedings based upon the California Supreme Court's order suspending Roshan's license to practice law."  ECF No. 17 at 2.  His complaint similarly seeks injunctive relief and relief under *Ex Parte Young* enjoining any disciplinary action by the DRE, as well as declaratory judgment that the DRE "does not have jurisdiction over attorney disciplinary matters," and that the attorney disciplinary proceedings initiated against him did not meet "minimum due process requirements."  ECF No. 1 at 25–28. Because Roshan's requested relief would "enjoin—or have the practical effect of enjoining—ongoing state proceedings," this requirement is met, and the Court must dismiss this case pursuant to the *Younger* abstention doctrine unless an exception applies. *ReadyLink Healthcare, Inc.*, 754 F.3d at 758; *see, e.g.*, *Herrera v. City of Palmdale*, 918 F.3d 1037, 1042 (9th Cir. 2019) ("when a court abstains under *Younger*, claims for injunctive and declaratory relief are typically dismissed.").

### 6. Extraordinary Circumstances

Finally, this case does not involve "extraordinary circumstances" that would warrant *Younger* abstention inappropriate. *Middlesex*, 457 U.S. at 437. The Supreme Court has recognized limited exceptions to mandatory abstention under *Younger* upon a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[.]" *Id.* at 435. Such exceptions are "narrow." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975). Because no exception applies here, the Court must abstain under *Younger*.

## CONCLUSION

For the reasons set forth above, the Court finds each of the elements of *Younger* abstention is satisfied and that no exception applies. Because Roshan is unable to demonstrate a likelihood of success on any of his claims, or even serious questions going to the merits, the Court need go no further in denying his motion for preliminary injunction. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (quoting *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors."); *Arkansas Dairy Co-op Ass'n, Inc. v. U.S. Dep't of Agr.*, 573 F.3d 815, 832 (D.C. Cir. 2009) (finding the court need not address "the other three preliminary injunction factors" when there is no likelihood of success on the merits).[3]

In regard to Commissioner McCauley's motion to dismiss, the Court declines to exercise jurisdiction in this case under the *Younger* abstention doctrine.[4] Accordingly, Commissioner McCauley's motion is granted. Because this action is barred by *Younger* abstention, the Court dismisses Roshan's complaint without leave to amend. *See Chaset v. Fleer/Skybox Int'l, LP*, 300

---

[3] Commissioner McCauley also argues that this Court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine if the disposition in the state court proceeding is adverse to Roshan. ECF No. 30 at 14. While this may be true if the state court decision favors Commissioner McCauley, the Court declines to prematurely weigh-in on this argument. Similarly, because the Court finds that *Younger* applies to the present action, and abstention in favor of the state proceedings is required, it declines to reach Commissioner McCauley's argument regarding standing. *Id.* at 15.

[4] Because the Court finds that it does not have jurisdiction over this matter, it declines to reach Commissioner McCauley's Rule 12(b)(6) argument. ECF No. 28 at 10.

F.3d 1083, 1088 (9th Cir. 2002) ("Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment."); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (affirming denial of leave to amend "where the amendment would be futile or where the amended complaint would be subject to dismissal"). The Clerk of the Court is directed to enter judgment and close the case file.

**IT IS SO ORDERED.**

Dated:  February 5, 2024



JON S. TIGAR
United States District Judge